IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00786-NYW

TIMOTHY SPENCER,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter is before the court on Plaintiff's Petition for Attorney Fees Under the Equal Access To Justice Act and 42 USC § 406(b) (the "Motion" or "Motion for Attorney's Fees") [Doc. 30, filed December 9, 2021].  The court considers the Motion pursuant to 28 U.S.C. § 636(c), the Parties' unanimous consent, [Doc. 19], and the Order of Reference dated March 30, 2021.  [Doc. 25].  Upon review of the Motion, the related briefing, and the applicable case law, the Motion for Attorney's Fees is **DENIED**.

## BACKGROUND

    Plaintiff Timothy Spencer ("Plaintiff" or "Mr. Spencer") appealed to this court for review of the Commissioner of Social Security's final decision denying his application for Disability Insurance Benefits ("DIB").  *See generally* [Doc. 1].  Plaintiff filed an application for DIB on May 22, 2017.  [Doc. 15-6 at 254].[1]  Mr. Spencer submitted a request for a hearing before an

---

[1] When citing to the Administrative Record, the court utilizes the docket number assigned by the Electronic Court Filing ("ECF") system and the page number associated with the Administrative Record, found in the bottom right-hand corner of the page.  For all other documents, the court cites to the document and page number generated by the ECF system.

Administrative Law Judge, *see* [*id.* at 83], which was held before Administrative Law Judge Rebecca LaRiccia (the "ALJ") on June 4, 2019.  [Doc. 15-2 at 34].  Following the hearing, the ALJ issued a decision on July 16, 2019 finding that Mr. Spencer met the insured status requirements of the Social Security Act on December 31, 2018 and that he did not engage in substantial gainful activity from his alleged onset date of September 10, 2015 through December 31, 2018.  [Doc. 15-2 at 17].  The ALJ determined that Mr. Spencer had the following severe impairments: degenerative disc disease, asthma, depression, and anxiety.  [*Id.*].  In addition, the ALJ found that Mr. Spencer had moderate limitations "[i]n understanding, remembering, or applying information;" in "concentrating, persisting, or maintaining pace," and in "adapting or managing oneself."  [*Id.* at 19-20].  However, the ALJ determined that Mr. Spencer was not disabled because his residual functional capacity ("RFC") permitted him to perform a range of light work as defined in 20 C.F.R § 404.1657(b),[2] with the following limitations:

> [H]e can frequently climb ramps and stairs; cannot climb ladders, ropes or scaffolds; is not limited in balancing; can only occasionally stoop; and can frequently kneel, crouch, and crawl.  He must avoid extreme cold, humidity, and vibrating tools, as well as unprotected heights and dangerous moving machinery.  He must avoid concentrated exposure to smoke, dust, fumes, chemicals, and pulmonary irritants.  He can understand, remember, and carry out simple and detailed instructions that can be learned in six months or less, but not complex instructions.  He can sustain persistence and pace for simple and detailed work.

[*Id.* at 20].

Plaintiff requested review of the ALJ decision, [Doc. 15-2 at 7-8], which the Appeals Council denied on January 29, 2020, [*id.* at 1], rendering the ALJ's decision the final decision of

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b).

the Commissioner. Mr. Spencer then sought judicial review of the Commissioner's final decision in the United States District Court for the District of Colorado on March 12, 2020. [Doc. 1].

On September 10, 2021, this court entered a Memorandum Opinion and Order reversing and remanding the Commissioner's decision. *See* [Doc. 28]. The court concluded that the ALJ, in determining Plaintiff's RFC, failed to account for the opinion of Dr. Gayle Frommelt—who the ALJ deemed "persuasive"—concerning Mr. Spencer's moderate limitation in the ability to adapt or manage oneself. [*Id.* at 11]. More specifically, the court found that the ALJ's decision to limit Mr. Spencer to simple or unskilled work failed to adequately account for the noted limitation because while "Mr. Spencer may have the raw ability to perform a certain task in a vacuum," he may "not have the ability to perform it as expected within the context of an ordinary workplace." [*Id.* at 15]. In so finding, the court relied in part on *Parker v. Commissioner*, 772 F. App'x 613 (10th Cir. 2019), and its guidance that only where "the connection (between the limitation and the work) is obvious" may an ALJ "account for mental limitations by limiting the claimant to particular kinds of work." [*Id.* at 10 (quoting *Parker*, 772 F. App'x at 616)]. Because one's ability to adapt and manage oneself is separate and distinct from one's ability to complete simple work-related tasks or make simple work-related decisions, the court found no such obvious connection and concluded that the ALJ was required to explain how a work-related limitation accounted for Mr. Spencer's moderate limitation, which the ALJ did not do. [*Id.* at 16]. The court reversed and remanded for further proceedings, declining to address the other arguments raised in Mr. Spencer's briefing. [*Id.* at 19].

On December 9, 2021, Mr. Spencer filed the instant Motion, seeking an award of $5,825.50 in attorney's fees under the Equal Access to Justice Act ("EAJA"). [Doc. 30]. Defendant opposes the requested award, arguing that her position was substantially justified. [Doc. 31 at 2]. Plaintiff

3

replied on January 13, 2022, stating that "Plaintiff spent two additional hours reviewing the Defendant's Response Brief, researching applicable case law and drafting this reply. As such, Mr. Spencer requests an additional two hours of time be awarded at the EAJA rate of $219.83 per hour." [Doc. 35 at 8]. Upon review of the briefing, the court concluded that Plaintiff had failed to file an affidavit supporting the Motion for Attorney's Fees, as required by this District's Local Rules of Practice. *See* [Doc. 36]; *see also* D.C.COLO.LCivR 54.3(a). The court ordered Mr. Spencer to supplement his Motion with an affidavit by February 4, 2022. [Doc. 36 at 1]. On that date, Plaintiff filed an Amended Plaintiff's Reply Brief on Petition for Attorney Fees Under the Equal Access to Justice Act and 42 USC § 406(b) (the "Amended Reply"). [Doc. 37]. While accompanied by the ordered affidavit, *see* [Doc. 37-2], and Amended Time Sheet [Doc. 37-1], Plaintiff states in his Amended Reply that the amount requested "has been amended to $5921.66 due to a miscalculation by counsel in the original motion." [Doc. 37 at 1]. Because the matter is fully briefed, I consider the Parties' arguments below.

## LEGAL STANDARD

The EAJA authorizes the court to award attorney's fees and expenses to a prevailing party, other than the United States, unless the court "finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Defendant does not contest that Plaintiff is the prevailing party or argue that special circumstances render an award unjust, but instead argues that her position was substantially justified.

The Commissioner carries the burden of proving her position was substantially justified. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citations omitted). In the Tenth Circuit, "substantial justification" requires a showing of "reasonableness in law and fact." *Id.*

4

(quoting *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir. 1995)).  In other words, the government's position must be "justified to a degree that could satisfy a reasonable person." *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).  The government's "position can be justified even though it is not correct." *Id.* (quoting *Pierce*, 487 U.S. at 566 n.2).  "A position taken by the ALJ or government that 'contravene[s] longstanding agency regulations, as well as judicial precedent,' is not substantially justified." *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016) (quoting *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); citing *Washington v. Heckler*, 756 F.2d 959, 962 (3d Cir. 1985) ("When the government's legal position clearly offends established precedent . . . its position cannot be said to be 'substantially justified.'")).  The government is more likely to meet the substantial justification standard "when the legal principle on which it relied is 'unclear or in flux.'" *Evans v. Colvin*, 640 F. App'x 731, 732 (10th Cir. 2016) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)).  A finding of substantial justification is within the discretion of the trial court. *Hackett*, 475 F.3d at 1172.

For purposes of EAJA fees, the government's position is both the stance it took in the underlying administrative proceeding and in subsequent litigation defending that stance. *Id.* at 1174; *see also Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (The term "position" "may encompass both the agency's prelitigation conduct and the [government's] subsequent litigation positions.").  Fees under the EAJA "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1172 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).  However, the Tenth Circuit recognizes an exception to this rule when the government

5

advances a reasonable litigation position that "cure[s] unreasonable agency action." *Id.* at 1173-74.

## ANALYSIS

**I.  Amended Reply**

Because it affects the briefing before the court on the instant Motion, the court finds it appropriate to first address the propriety of the Amended Reply, for which Mr. Spencer did not seek leave of court to file.  First, the court notes that while Mr. Spencer suggests that the amendment goes to his Reply, he actually seeks to amend assertions made in the Motion for Attorney's Fees—namely, the applicable EAJA hourly rate.  *See* [Doc. 37 at 1 ("In Plaintiff's original motion, he requested an award of $5825.50 . . . due to a miscalculation by counsel in the original motion."); *see also* [Doc. 30 at ¶ 8 (calculating fees using $219.83 hourly rate)]; [Doc. 37-1 at 1 (providing increased EAJA hourly fees)].  Neither the Federal Rules of Civil Procedure nor the Local Rules of Practice contemplate that a party may amend a motion or a reply brief as a matter of right.  *See* D.C.COLO.LCivR 7.1(d); *see also Mayhew v. Angmar Med. Holdings, Inc.*, No. 18-2365-JWL, 2022 WL 343670, at *1 n.1 (D. Kan. Feb. 4, 2022) (admonishing party for filing amended reply without leave of court).

Moreover, Mr. Spencer did not seek leave of court to file either a motion for fees or a reply brief out of time; because the Amended Reply was filed on February 4, 2022—87 days after the time for an appeal had expired[3] and 50 days after Defendant filed her Response—the Amended

---

[3] The EAJA states that a motion for fees shall be filed within thirty days of final judgment, *see* 28 U.S.C. § 2412(d)(1)(B), and the Supreme Court has instructed that this clock begins to run once the 60-day period for filing a notice of appeal has expired. *Shalala v. Schaefer*, 509 U.S. 292, 295 (1993).  The court entered its Memorandum Opinion and Order and Final Judgment on September 10, 2021, *see* [Doc. 28; Doc. 29], and the 60-day period in which a party could file a notice of appeal expired on November 9, 2021.

Reply, whether construed as an attempt to amend the Motion for Attorney's Fees or the Reply, is untimely. *Compare Bell v. Turner Recreation Comm'n*, No. 09-2097-JWL, 2010 WL 126189, at *1 n.1 (D. Kan. Jan. 8, 2010) (considering amended reply where it was filed within the time permitted for filing a reply); *RMH Tech LLC v. PMC Indus., Inc.*, No. 16-cv-01762-CMA-KMT, 2018 WL 1566839, at *1 (D. Colo. Mar. 30, 2018) (same).

Because Plaintiff did not seek leave of court to file the Amended Reply, the Amended Reply [Doc. 37-1] and Amended Time Sheet [Doc. 37-2] are **STRICKEN** as untimely. *See Merrill v. Cont. Freighters, Inc.*, No. 19-cv-02309-CMA-SKC, 2020 WL 5775660, at *9 (D. Colo. Sept. 14, 2020) (striking response for failure to seek leave of court prior to filing); *Core Progression Franchise LLC v. O'Hare*, No. 21-CV-0643-WJM-NYW, 2021 WL 1222768, at *12 (D. Colo. Apr. 1, 2021) (striking pre-hearing brief as "a construed sur-reply or supplemental brief filed without prior leave of Court"). The court thus proceeds in ruling on the Motion for Attorney's Fees based only on the original briefing and the supplemented affidavit ordered by the court.

**II.     Analysis**

The Commissioner argues that her position was substantially justified "under the particular facts and circumstances of this case." [Doc. 31 at 3]. Specifically, the Commissioner asserts that her reliance on *Smith v. Colvin*, 821 F.3d 1264 (10th Cir. 2016), in defending the ALJ's decision as reasonably accounting for the recognized moderate mental limitations was substantially justified, noting that "some district courts within the Tenth Circuit," relying on *Smith*, "have held that an ALJ may adequately address a psychologist's ratings of moderate adaptation limitations by limiting the complexity of the claimant's work." [Doc. 31 at 4-6]. According to the Commissioner, "reasonable minds could differ on the issue of whether the ALJ adequately

7

addressed Dr. Frommelt's assessment in this case," and thus, her position was substantially justified. [*Id.* at 6].

In response, Mr. Spencer argues that this court previously "discounted the Commissioner's reliance on *Smith*." [Doc. 35 at 3]. In addition, Mr. Spencer asserts that aside from the identified error in failing to account for Dr. Frommelt's limitations, the court identified a "secondary error" when the court concluded that the ALJ had implicitly rejected Dr. Frommelt's opinion "without an explanation or basis." [*Id.*]. Finally, Mr. Spencer asserts that "even if the Commissioner has demonstrated that her position in litigation was justified, she is required to prove that the administrative position which resulted in Mr. Spencer having to seek this appeal was also substantially justified," and because "[t]he response provides no such proof sufficient to meet the Commissioner's burden," Mr. Spencer is entitled to EAJA fees. [*Id.* at 5]. For the reasons that follow, I respectfully find that Defendant's position, albeit ultimately unsuccessful, was substantially justified.

In arguing that the Commissioner's decision should be affirmed, Defendant argued that the ALJ properly accounted for the moderate limitation "by restricting the complexity of the claimant's work," relying in part on the Tenth Circuit's decision in *Smith*. *See* [Doc. 21 at 18]. As set out in the court's Order, in *Smith*, a medical source had opined that the claimant could engage in work that was limited in complexity and could manage social interactions so long as the interactions were not frequent or prolonged. 821 F.3d at 1268. The Tenth Circuit concluded that, by stating that the claimant could not engage in face-to-face contact with the public and could engage in only simple, repetitive, and routine tasks, the ALJ had sufficiently accounted for these limitations in the RFC assessment. *Id.* at 1269.

8

This court distinguished *Smith* from the instant case, finding that, with respect to *Smith*, "a limitation against face-to-face contact with the public is obviously related to a limitation in the claimant's social interactions, as is the limitation in complexity of tasks and the restriction to simple, repetitive, and routine tasks." [Doc. 28 at 17]. Based on this obvious link, the court determined that—unlike Mr. Spencer's case—the *Smith* decision was harmonious with the *Parker* rationale. *See* [*id.*].

In addition to *Smith*, the court noted two other Tenth Circuit cases in which the court concluded that work-related limitations could appropriately account for mental impairments. *See* [*id.* at 15 n.6 (citing *Vigil v. Colvin*, 805 F.3d 1199, 1203-04 (10th Cir. 2015); *Lee v. Colvin*, 631 F. App'x 538, 542 (10th Cir. 2015))]. In *Vigil*, the Tenth Circuit held that an ALJ appropriately accounted for memory and concentration deficits by limiting the claimant to unskilled work, finding that the claimant "retained enough memory and concentration to perform simple tasks, which was commensurate with unskilled work. 805 F.3d at 1203-04. And in *Lee*, the Tenth Circuit decided that the ALJ had adequately accounted for the claimants attention and concentration limitations by limiting the claimant to jobs with simple tasks, routine supervisions, and superficial interactions. 631 F. App'x at 542. In its Memorandum Opinion and Order, this court found that such an obvious connection between the work-related limitations and the mental-health limitations was not present in this case, concluding that Plaintiff's moderate limitation in the ability to adapt or manage oneself was notably distinct from the ability to complete work-related tasks or make work-related decisions, which set the Mr. Spencer's circumstances apart from this precedent. [Doc. 28 at 15].

But the fact that the court ultimately found the Commissioner's position unpersuasive does not mean that the Commissioner's position was unreasonable. *Madron v. Astrue*, 646 F.3d 1255,

9

1257 (10th Cir. 2011). A litigant's position is reasonable if it "enjoyed substantial justification in fact and law." *Id.* Here, the court finds that the Commissioner's decision was reasonably based on Tenth Circuit precedent; indeed, the Tenth Circuit has recognized that "a restriction to unskilled work can account for a mental impairment in an appropriate case, for example, when the relationship between skill level and mental capacity is obvious." *Evans*, 640 F. App'x at 738. An argument based on applicable legal authority is not unreasonable, *id.* at 737, particularly where the case law is "unclear or in flux." *Id.* at 738. The fact that the court was ultimately unpersuaded by the Commissioner's arguments, based on a case-specific analysis, does not render the Commissioner's position unjustified. *See Badar v. Colvin*, 215 F. Supp. 3d 1067, 1069 (D. Colo. 2016) ("Although the Court found that this RFC did not account for Plaintiff's moderate limitations, the ALJ and the Commissioner were substantially justified in relying on this reasoning, given the Tenth Circuit's decision in *Vigil*."); *Rhonda L. S. v. Berryhill*, No. 17-cv-0593-CVE-JFJ, 2019 WL 2526202, at *1 (N.D. Okla. June 19, 2019) (where the defendant's position was supported by legal authority and the issue "was subject to reasonable disagreement," finding that even though the court ruled in favor of the plaintiff, the defendant's position was substantially justified).

To the extent that Plaintiff states that this court identified a "secondary error" when it found that the ALJ's failure to explain why the ALJ did not account for Dr. Frommelt's moderate limitation opinion was an implicit rejection of that opinion, *see* [Doc. 35 at 3-4], the court notes that while it did, indeed, address this discrepancy, the court also acknowledged that the ALJ had indicated in her decision that she was *not* rejecting Dr. Frommelt's proposed limitation. *See* [Doc. 28 at 18 n.8]. While the court found this to be error, it noted that such an error was "perhaps unintended" due to the ALJ's express acceptance of Dr. Frommelt's opinions and the limitation.

10

[*Id.*]. The court is not persuaded that a potentially inadvertent error renders the Commissioner's position not substantially justified. *Cf. Thomas v. Colvin*, No. 13-cv-02033-REB, 2015 WL 156735, at *2 (D. Colo. Jan. 12, 2015) ("[T]he error committed by the ALJ in this case . . . almost certainly was inadvertent. . . . Given the depth and breadth of the ALJ's work in this matter, and viewing the case as a cohesive whole, I find and conclude that the Commissioner's decision . . . was substantially justified."). Nor is the court persuaded that the failure of the ALJ to adequately explain this potentially unintended implicit rejection necessitates a finding that the ALJ's position was not based in law or fact. *See Banks v. Astrue*, No. 09-cv-01438-WYD, 2011 WL 1748568, at *1 (D. Colo. May 6, 2011) ("[A]lthough the ALJ failed to articulate the evidence upon which he relied in formulating his RFC, . . . this in no way necessitates a finding that the Secretary's position was not substantially justified.") (quotation and brackets omitted).

Finally, insofar as Plaintiff argues that the Commissioner's position at the ALJ proceedings was not substantially justified, the court respectfully disagrees. As set forth above, a number of Tenth Circuit cases have instructed that, in particular circumstances, a limitation to unskilled work may appropriately account for mental limitations. *See Vigil*, 805 F.3d at 1203-04; *Lee*, 631 F. App'x at 542; *Evans*, 640 F. App'x at 738. The fact that this court ultimately found that the ALJ had not sufficiently supported her decision does not mean that her position was not justified in law and fact: "The mere fact that there was error in the ALJ's decision does not make the agency's position unreasonable." *Veltman v. Astrue*, 261 F. App'x 83, 86 (10th Cir. 2008); *see also Badar*, 215 F. Supp. 3d at 1069 (where the ALJ failed to include the plaintiff's moderate mental limitations in the RFC determination, ALJ was nevertheless substantially justified in her decision "given the Tenth Circuit's decision in *Vigil*.").

In sum, I conclude that the Commissioner's decision was substantially justified in law and fact. For this reason, the Motion for Attorney's Fees is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1)  The Amended Reply [Doc. 37] and Amended Time Sheet [Doc. 37-1] are **STRICKEN** as untimely; and

(2)  Plaintiff's Petition for Attorney Fees Under the Equal Access To Justice Act and 42 USC § 406(b) [Doc. 30] is **DENIED**.

DATED: February 15, 2022                                         BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge